Van Brunt, P. J.
The only question involved in this -appeal arises upon the claim of the defendants that the principal of the note sued upon was not due at the time of commencement of this action.
On the 12th day of October, 1885, the plaintiff held a note of Mr. James A. Van Da Linda for $2,500 which had been given to her husband, upon which interest had been paid quarterly.
Upon this date the note in suit was given by the defendants and the note of Mr. Van Da Linda surrendered and destroyed.
Upon the trial of this action it was claimed by the defendants that the interest upon the note of Mr. Van Da Linda had been paid up to December 1, 1885, at the time of the giving of the new note and that all subsequent payments of interest were made in advance.
This defense was sought to be established principally by the evidence of the defendant Stevens, who testified that he had paid the interest in advance, although he had never made any agreement with the plaintiff in this case that interest should be paid in advance. The evidence seems' to clearly show that the new note was a mere continuation of the old, and that if the interest upon the old note was paid in advance at the time of the giving of the new note, interest had been paid upon the old note up to December 1, 1885, and the subsequent payments of interest on the new note under these circumstances would seem to have been made in advance, as claimed by the defendants.
The issue between the parties was plainly submitted to the jury by the learned justice who presided at the trial, and the jury have found against the defendants.
This finding cannot be disturbed unless clearly against the weight of evidence.
The testimony of the defendant Stevens that he had never made any arrangement with the plaintiff in this case that interest should be paid in advance is of little importance ■because the new note was merely á continuation of an old arrangement made at the time of the giving' the first note *215 to the plaintiff’s husband by Mr. Van Da Linda, and what such arrangement was in reference to the payment of interest we must determine, if possible, from the acts of the parties as proven upon this trial, the defendants having been precluded by the learned court from showing what it was as they attempted to do by the evidence of Mr. Van Da Linda the maker of the old note.
By the receipt of the plaintiff dated Brooklyn, March 1st, 1884, it would seem that the interest upon the old note was without doubt payable in advance because the receipt is dated March 1st, 1884, and is for one quarter’s interest in advance to June 1st.
This receipt would seem to have been enclosed with the check of March 11th, 1884, and contained at its foot an apology for the delay in sending the interest.
From this time forward the defendants appear to have paid the interest every three months, and it must necessarily have been paid in advance.
The only evidence which conflicts with this view is the letter of December 2d, 1886, which reads as follows: “Enclosed please find check for $37.50 for interest due to December 1st, 1886.”
If the letter had read “ due December 1st, 1886,” it would have been in entire harmony with defendent's claim, because the interest even if payable in advance became due on December 1st. We must, however, conclude in view of the strong character of the evidence showing that the payment ■of interest had been for nearly two years made in advance, that the use of the word “to” in this letter was an oversight or it may have been very well forgotten that the interest had been all the time actually paid in advance.
•The claim of the plaintiff that the contention of the defendents that the interest had been paid in advance was ■only thought of after this suit had been brought, may be entirely true, but that the fact was that it had been paid in advance seems to have been clearly established by the ■evidence although it may have escaped the defendants’ memory.
The fact that the defendants had forgotten this feature connected with this indebtedness until they were sued upon it, in no way affected their right to avail themselves of the defense if it existed in fact.
There are some exceptions to the exclusion of testimony which it might be necessary to consider had we not arrived at the conclusion upon the main question above indicated.
The judgment and order appealed from must therefore be reversed and a new trial ordered with costs to appelants to abide the event.
Beady and Daniels, J. J., concur in the result.